Mr. Chief Justice Shepard
delivered the opinion of the. Court:
The defense is founded on the provision of sec. 1333 of the Code, relating to accommodation makers and indorsers, and it is not denied that defendants would be entitled to a judgment if the evidence showed that McNulty was not only representing plaintiff in the transaction, with authority so to do, but also that he procured the indorsements for the accommodation of plaintiff, and that his agreement to hold them harmless was for the plaintiff, and on its account, and not merely his own personal agreement.
The contention is that the evidence tended to show that the indorsement was for the accommodation of the plaintiff, but was secured by McNulty on his personal, individual agreement of indemnity. We do not concur in this contention. Plaintiff is a corporation, and can only act through its officers and agents. It advertised and held McNulty out as one of its vice presidents, in order to give him “a certain amount of dignity,” and also as general manager of the city of Washington, where the negotiations with the parties were had.
Defendants’ evidence tended to show that plaintiff alone could have had any pecuniary interest in either the first or the second transaction. That plaintiff held McNulty out to the defendants as its vice president and general manager, and that he practically transacted the whole of the business. That some of his representations as to the accommodation were applicable to plaintiff as well as to himself. Then there was Cornwell’s evidence as to the circumstances of his purchase and entry into possession. While plaintiff was not compelled to join McNulty and Cornwell in the suit, there is no reason why they should not have been, if one was a bona fide indorser, and the other a real out-and-out purchaser.
In our opinion this evidence was properly submitted to the *125 jury with instructions carefully defining the grounds upon which, alone, the defendants would be entitled to a verdict.
Another assignment of error is on an exception taken to the refusal of the court to permit plaintiff to prove that it had never attempted to discount either note. The contention is that this circumstance was of a nature to warrant an inference that the indorsements had not been obtained for accommodation, and therefore a material one for the consideration of the jury. We are unable to perceive either its materiality or relevancy.
The trial was without error, and the judgment will be affirmed with costs. Affirmed.